# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**GREAT HEALTHWORKS, INC.,**

    **Plaintiff,**

    v.

**E.I. SALUD NATURAL, LLC,**

    **Defendants.**

**Civil No. 17-1774 (ADC)**

## OPINION AND ORDER

On June 8, 2017, plaintiff Great Healthworks, Inc., commenced this civil action by filing a complaint against defendant E.I. Salud Natural, LLC, and some John Doe co-defendants. **ECF No. 1**. In the complaint, plaintiff alleges that defendant is currently infringing its rights under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and related Puerto Rico statutes pertaining to its product OMEGAXL, a natural supplement, by selling, in Puerto Rico, another natural supplement under the mark OMEGAXL. *Id*. Plaintiff also moved the Court to issue either a temporary-restraining order (TRO) or preliminary injunction against defendant to stop defendant from continuing its alleged infringement of plaintiff's rights through its activities related to its own product named OMEGAXL, and to order the seizure of the allegedly infringing product. **ECF No. 4**. On June 9, 2017, the Clerk of Court issued summonses to plaintiff to serve on defendants. **ECF No. 7**.

To warrant a TRO, plaintiff must first proffer "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result

to [it] before the adverse party can be heard in opposition," or plaintiff's attorney must "certif[y] in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Plaintiff, however, has not met those threshold requirements. *See* **ECF Nos. 4**, **5**. In particular, plaintiff has not clearly shown, through the presentation of specific facts, that it will suffer "immediate and irreparable injury" without a TRO. Instead, plaintiff appears to presume that it has shown irreparable injury if it shows that it will likely succeed on the merits. *See* **ECF No. 5** at 18-19 (plaintiff asserting that the mere infringement of its trademarks will cause it irreparable injury due to the likelihood of confusion of defendant's product with its product). Indeed, plaintiff fails to provide a specific factual basis for its assertions of injury. *See id.*

To be fair, courts in this circuit used to be able to presume that irreparable injury occurs when a plaintiff's trademark rights are infringed. *Swarovski Aktiengesellschaft* v. *Bldg. #19, Inc.*, 704 F.3d 44, 54 (1st Cir. 2013). However, by "warn[ing] lower courts away from applying 'broad classifications' or 'categorical rule[s]'" in the injunctive-relief context, the U.S. Supreme Court's ruling in *eBay Inc.* v. *MercExchange, LLC*, 547 U.S. 388, 394 (2006), "has threatened the continuing viability of th[e] presumption." *Swarovski Aktiengesellschaft*, 704 F.3d at 54 (second alteration in original) (quoting *eBay*, 547 U.S. at 393-94). Although the First Circuit Court of Appeals has not yet resolved whether the presumption is still valid, this Court has previously stated – and today affirms – "that it will not presume irreparable harm." Order at 3-4, *Oriental Fin. Grp., Inc.* v. *Cooperativa de Ahorro y Credito Oriental*, Civ. No. 10-1444-ADC (D.P.R. Sept. 15, 2016). Thus, the Court finds that plaintiff has not sufficiently shown irreparable injury to warrant a TRO.

The Court also finds that plaintiff has not sufficiently explained why it should not be required to provide notice to defendants and may receive a TRO ex parte. *See* **ECF Nos. 4**, **5.**

Accordingly, the Court hereby **DENIES** plaintiff's motion for a TRO, *see* **ECF No. 4**, under Federal Rule of Civil Procedure 65(b)(1). The Court, however, **GRANTS** plaintiff an evidentiary hearing on its motion for a preliminary injunction. *See* **ECF No. 4**. The Court **SCHEDULES** the preliminary-injunction hearing to be held on **Friday, June 16, 2017, at 10:00 a. m.** The Court also **ORDERS** plaintiff a) to immediately serve process on the named defendant, E.I. Salud Natural, LLC; b) to immediately notify the named defendant of the Court's scheduling of a preliminary-injunction hearing; and c) to immediately deliver a copy of this Order to the named defendant. The Court expects the named defendant to enter this case immediately upon being served.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 9th day of June, 2017.

**S/AIDA M. DELGADO-COLÓN**
**Chief United States District Judge**